| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | **NOT FOR PUBLICATION** |
| UNITED STATES,<br>                Plaintiff,<br>– against –<br>ABDEL SOLIMAN,<br>                Defendant. | **MEMORANDUM & ORDER**<br><br>17-cr-007 (ERK) |

Korman, *J*.:

    Defendant Abdel Soliman, who is currently serving a sentence of 41 months and is presently housed at the Brooklyn Residential Reentry Center, a halfway house, pending his release on October 11, 2020, seeks to be resentenced to time served with home confinement as a condition of supervised release for the remainder of his sentence. The basis of his application is that he suffered a heart attack last year and that his incarceration puts him at risk of developing severe complications should he contract COVID-19.

    After receiving the U.S. Attorney's initial response opposing Mr. Soliman's application, I ordered the U.S. Attorney to obtain an affidavit from the Residential Reentry Manager at the Brooklyn Residential Reentry Center. The affidavit states, inter alia, that "as of April 28, 2020, there are no known active COVID-19 cases at the RRC Brooklyn location and that no inmates are on quarantine for suspected or presumptive COVID-19." ECF 81-1 at ¶ 22. Moreover, the affidavit indicates that "although Brooklyn RRC typically has approximately 160 inmates, Brooklyn RRC has placed many inmates in home confinement or on home pass, and thus, there are currently only 32 inmates living at the Brooklyn RRC." *Id*. ¶ 24. The affidavit goes on to say that the other inmates assigned to the RRC who are on home pass return to the RRC on Mondays and Fridays for a brief check-in and then return to their homes. "Inmates who return for check-ins are checked

for fever and are issued PPE before they enter. The check-ins typically take ten minutes or less." Moreover, "[a]ll inmates on home detention, including the two inmates on home detention who have tested positive or are presumed positive for COVID-19, are currently only completing weekly telephonic check-ins, and are not returning to the RRC for in-person meetings." *Id*. ¶ 24.

Thus, the risk of the defendant contracting COVID-19 does not appear to be significant, particularly as compared to those who are serving their sentence in a federal prison. Moreover, as the U.S. Attorney observes in his initial letter, dated April 22, 2020, in opposition to the defendant's application, the charges of which the defendant was convicted pursuant to his plea of guilty related to a tax preparation fraud scheme that caused the Internal Revenue Service to distribute fraudulent refunds totally approximately $2,880,000, more than $500,000 of which went to bank accounts controlled by the defendant and his co-defendant. This is not the only fraudulent crime that the defendant committed. As the U.S. Attorney observes:

> The defendant has a long history of fraud crimes. In 2003, he pled guilty in this District to Conspiracy to Defraud the United States, in connection with a bulk cash smuggling case where the defendant, together with others, tried to smuggle $659,000 out of the country at John F. Kennedy Airport in Queens, New York. The defendant received a 30-month sentence in connection with that case. (*United States v. Soliman*, 02-CR-901 (NGG)). The defendant did not learn his lesson. After serving his prior sentence, the defendant led the tax fraud scheme in this case, which involved more than $2.8 million dollars, while simultaneously leading a scheme to defraud the New York State Department of Labor for more than $90,000 in funds.

I agree with Chief Judge McMahon that a "court confronted with a compassionate release motion is still required to consider all the Section 3553(a) factors to the extent they are applicable, and may deny such a motion if, in its discretion, compassionate release is not warranted because Section 3553(a) factors override, in any particular case, what would otherwise be extraordinary

and compelling circumstances." *United States v. Gotti*, 2020 WL 497987, at *2 (S.D.N.Y. Jan. 15, 2020) (citing U.S.S.G. § 1B1.13).

Title 18 U.S.C. 3553(a) provides in relevant part, that a sentence should be sufficient but not greater than necessary to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; and to protect the public from further crimes of the defendant. 18 U.S.C.A. § 3553 (West). The sentence of 41 months that I initially imposed was barely adequate to effectuate these considerations. Reducing that sentence by approximately five months would disserve each of these considerations.

In sum, I deny his application because of the comparatively low-risk nature of the facility in which he is currently incarcerated, the nature of the crime he committed, and the fact that he has a long history of fraud crimes.

## CONCLUSION

The defendant's motion is denied.

**SO ORDERED.**

Brooklyn, New York  
May 11, 2020

*Edward R. Korman*  
Edward R. Korman  
United States District Judge